NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAWFIK ABDO SALEH AHMED, et al.,

Plaintiffs - Appellants,

v.

KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of
Homeland Security, et al.,

Defendants - Appellees.

No. 24-6948

D.C. No.
2:23-cv-04807-PA-AS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 7, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Tawfik Abdo Saleh Ahmed (Ahmed), Fatima Kassim Ali (Ali), and minor

S.F.M. (collectively Appellants) appeal the district court's judgment in favor of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

government.  Appellants assert that the government's denial of their visa petitions violated the Administrative Procedure Act (APA), the Equal Protection Clause, and the Due Process Clause.  We affirm.[1]

**1.**  The district court applied the correct standard when addressing the APA claim.  *See Innova Sols., Inc. v. Baran*, 983 F.3d 428, 431 (9th Cir. 2020) (We review "de novo the district court's evaluation of an agency's actions.") (citation omitted).  Under the APA, "[a] court may set aside an agency action if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Waterkeeper All. v. U.S. Env't Prot. Agency*, 140 F.4th 1193, 1214 (9th Cir. 2025) (citation and internal quotation marks omitted).

The district court correctly determined that the agency did not act arbitrarily or capriciously.  Any delay in collecting DNA was not a violation of the APA, as there is no evidence in the record that the decision to suspend DNA collections during the peak of the pandemic was arbitrary or capricious.

Appellants also assert an APA violation on the basis that the denial of their visa petitions does not conform to the evidence in the record.  However, substantial evidence in the record supports the agency's conclusion that Appellants failed to meet their evidentiary burden of establishing a bona fide marriage and parentage.

---

[1]    The visa petitions were filed by Faisal Abdulla Muthana, a naturalized citizen who is now deceased.

*See* 8 U.S.C. § 1361; *see also Waterkeeper Alliance*, 140 F.4th at 1214 (observing that an agency decision must have a "substantial basis in fact") (citation omitted).

Finally, Appellants maintain that the government failed to convert Ali's I-130 Petition for Noncitizen Relative to a Form I-360 Petition for Widow. But there is no absolute requirement that the agency convert an I-130 petition to an I-360 petition upon the death of a citizen spouse. *See* 8 U.S.C. § 1151(b)(2)(A)(i). Here, UCSIS denied the I-130 petitions almost two years before Muthana's death in February 2022, and the record contains no evidence that the agency was ever notified that Muthana had died. Thus, the district court did not err in concluding that there is no APA violation for any of the claims asserted by Appellants.

**2.** "A federal policy survives an equal protection challenge if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *United States v. Ayala-Bello*, 995 F.3d 710, 715 (9th Cir. 2021) (citation omitted); *see also Trump v. Hawaii*, 585 U.S. 667, 674, 704 (2018) (applying rational basis review to an entry policy that distinguished among applicants based on their country of origin). "Those attacking the rationality of [a] legislative classification have the burden to negative every conceivable basis which might support it." *Marquez-Reyes v. Garland*, 36 F. 4th 1195, 1208 (9th Cir. 2022) (citation and internal quotation marks omitted).

Appellants specifically challenge the Yemeni Guidance, dated May 25,

2012, which discusses the susceptibility of Yemeni civil records to error and fraud. The stated objective of the Yemeni Guidance is to establish methods of supplementing Yemeni-issued documents to establish "eligibility for family-based benefits."

Issuance of the Yemeni Guidance rationally relates to the legitimate government purpose of maintaining the immigration system free of fraud. Appellants failed to meet their burden of showing unlawful discrimination, as they did not negate the stated basis in the Yemeni Guidance for giving less weight to Yemeni-issued documents than to documents from countries with more formal issuance procedures. Rather, they insist that the policy was being used as a pretext to impose "a 100% mandatory DNA testing policy for all Yemeni cases." This assertion has no support in the record, as DNA test results were requested, but not required, due to the lack of evidence presented to establish a bona fide marriage and paternity. Therefore, the district court correctly determined that there was no equal protection violation.

**3.** A successful procedural due process claimant must establish (1) deprivation of a constitutionally protected liberty or property interest, and (2) denial of adequate procedural protections. *See Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018). Appellants fail to assert a cognizable procedural due process claim. Even if they were able to assert a constitutionally protected interest, they

were afforded adequate procedural protections. USCIS invited Appellants to submit additional evidence, specified what documentation it sought, reviewed the evidence provided, and issued decisions explaining why that evidence was insufficient. *See id.* at 988. Because Appellants have not demonstrated a deficiency in USCIS's process, there was no procedural due process violation. *See id.* at 988-89.

**4.** The district court did not err by determining that nothing in the record compelled the conclusion that Appellants met their burden to establish a bona fide marriage or parentage. Many of the documents provided by Appellants had delayed registration dates. Appellants also failed to provide the evidence requested in the Requests for Evidence, including the optional DNA evidence. As a result, the district court's judgment in favor of Appellees was warranted due to the failure of Appellants to present adequate evidence to support their visa petitions. *See* 8 U.S.C. § 1361; *see also Ahmed v. Mukasey*, 548 F.3d 768, 773 (9th Cir. 2008).

**AFFIRMED.**